UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,
a Florida limited liability company,

        Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.
a Delaware corporation,

        Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Rothschild Storage Retrieval Innovations, LLC ("RSRI"), by and through its undersigned counsel, sues Defendant Sony Mobile Communications (USA) Inc. ("Sony"), and states as follows:

## THE PARTIES

1. RSRI is a limited liability company organized and existing under the laws of the State of Florida, with its registered office and principal place of business located at 1108 Kane Concourse, Suite 310, Bay Harbor Islands, Florida 33154.

2. Upon information and belief, Defendant Sony Mobile Communications (USA) Inc. is a corporation organized under the laws of the State of Delaware, and its principal place of business is 3333 Piedmont Road, Suite 600, Atlanta, Georgia 30305.

## JURISDICTION AND VENUE

3.  This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this controversy is between citizens of different States.

5.  This Court has personal jurisdiction over Sony, because the cause of action alleged herein arises from, without limitation:

   a. Sony's operating, conducting, engaging in, or carrying on a business or business venture in Florida and/or having an office or agency in Florida, pursuant to Section 48.193(1)(a)(1), Florida Statutes; and/or

   b. Sony's committing of one or more tortious acts in Florida, pursuant to Section 48.193(1)(a)(2), Florida Statutes.

6.  Personal jurisdiction over Sony is also proper under Section 48.193(2), Florida Statutes, because Sony is engaged in substantial and not isolated activity within Florida.

7.  Sony has had sufficient minimum contacts with Florida to satisfy constitutional due process requirements, such that the maintenance of the suit in this State and District does not offend traditional notions of fair play and substantial justice. Specifically and without limitation, Plaintiff's cause of action arises directly from Sony's business contacts and other activities in Florida and this District, Sony has purposefully and voluntarily availed itself of the privilege of conducting business and other commercial activities within Florida and this District by continuously and systematically placing goods into the stream of commerce through an established distribution channel with the expectation that such goods will be purchased by

consumers in Florida and this District, and Sony's contacts with Florida and this District are such that it should reasonably anticipate being haled into court in this District.

8. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1400(b), in that, Sony is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue. Upon information and belief, Sony has committed acts of infringement in this District giving rise to this action and does business in this District, including making sales and/or providing service and support for their respective customers in this District.

9. Sony's registered agent for service of process in Florida is Capitol Corporate Services, Inc., 155 Office Plaza Dr., Suite A, Tallahassee, Florida 32301.

## COUNT I – PATENT INFRINGEMENT
## INFRINGEMENT OF U.S. PATENT NO. 8,437,797

10. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-9 above as though fully set forth herein.

11. U.S. Patent No. 8,437,797 (the '797 Patent"), titled "Wireless Image Distribution System and Method," was duly and legally issued by the United States Patent and Trademark Office on May 7, 2013, and invented by Leigh M. Rothschild. By assignment, RSRI is the owner of all rights, title, and interest in and under the '797 Patent. A true and correct copy of the '797 Patent is attached hereto as Exhibit A.

12. Each and every claim of the '797 Patent is valid and enforceable and each enjoys a statutory presumption of validity separate, apart, and in addition to the statutory presumption of validity enjoyed by every other of its claims. *See* 35 U.S.C. § 282.

13. Sony has at no time, either expressly or impliedly, been licensed under the '797 Patent.

14. RSRI is informed and believes, and thereupon alleges, that Sony, without authorization or license, have been, and are currently directly or indirectly infringing one or more claims of the '797 Patent in violation of 35 U.S.C. § 271, including as stated below.

15. RSRI is informed and believes, and thereupon alleges, that Sony has directly infringed, literally and/or under the doctrine of equivalents, and will continue to directly infringe each patent claim of the '797 Patent by making, using, selling, offering to sell, and/or importing into the United States products that embody or practice the apparatus and/or method covered by one or more claims of the '797 Patent, including but not limited to Android devices such as Sony's Xperia Z1S and Xperia TL (collectively referred to as "Accused Products"). The Accused Products' infringing functionalities include but are not limited to sharing a group of photos based on their geographic location within their "Locations" album to another mobile device.

16. On information and belief, since at least their dates of notice, Sony has actively induced and continues to induce infringement of the '797 Patent, under 35 U.S.C. § 271(b), attributable to any one person, including but not limited to mobile device users, who buy, use, make, sell, offer for sale, resell, practice, and/or import the Accused Products that fall within the scope of one or more claims of the '797 Patent, literally or under the doctrine of equivalents, without authority, within and/or into the United States, including the Southern District of Florida, and thereby infringe the '797 Patent. Defendant's acts of active inducement has been committed with knowledge, or at least with willful blindness that the induced acts constitute infringement of the '797 Patent. On information and belief, Defendant intends to cause, and has taken affirmative steps to induce infringement subject to their direction and control by, *inter alia*,

selling, offering to sell, and/or instructing the use of Accused Products with mobile imaging distribution technologies preinstalled in the Accused Products.

17. Sony's acts of infringement have caused and will continue to cause substantial and irreparable damage to RSRI.

18. As a result of the infringement of the '797 Patent by Sony, RSRI has been damaged. RSRI is, therefore, entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be pled but that will be determined at trial.

WHEREFORE, Plaintiff demands entry of judgment against Defendant as follows:

A. A judgment that Defendant has infringed and continues to infringe the '797 Patent, directly and/or indirectly by way of inducing to infringement of such patents as alleged herein;

B. That Defendant provides to RSRI an accounting of all gains, profits and advantages derived by Defendant's infringement of the '797 Patent, and that RSRI be awarded damages adequate to compensate them for the wrongful infringement by Defendant in accordance with 35 U.S.C. § 284;

C. That RSRI be awarded any other supplemental damages and interest on all damages, including but not limited to reasonable attorneys' fees, available under 35 U.S.C. § 285;

D. That the Court permanently enjoin Defendant and all those in privity with Defendant from making, having made, selling, offering for sale, distributing and/or using products that infringe the '797 Patent, including the Accused Products, in the United States; and

E.        That RSRI be awarded such other and further relief and all remedies available at law.

## JURY TRIAL DEMAND

Pursuant to FED R. CIV. P. 38(b), RSRI demands a trial by jury on all issues so triable.

Dated: July 16, 2014

Respectfully submitted,

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

/s/     Michael Diaz, Jr.

Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*


– AND –

Michael W. Shore
Texas Bar No. 18294915
E-mail: mshore@shorechan.com
Alfonso G. Chan
Texas Bar No. 24012408
E-mail: achan@shorechan.com
Dustin R. Lo
Texas Bar No. 24087937
E-mail: dlo@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Of Counsel*